<u>**UNPUBLISHED**</u>

**UNITED STATES COURT OF APPEALS**
**FOR THE FOURTH CIRCUIT**

_____

**No. 12-1360**

_____

BARBARA DURKEE; CAMELIA BUCHANAN; MICHAEL EARL DURKEE; JACKIE NEWTON, Guardian ad Litem on behalf of C.D.; BARNEY DURKEE; KENNETH BUCHANAN; SHIRLIE BUCHANAN, Guardian ad Litem on behalf of D.B.; MARGIE GAIL DURKEE,

          Plaintiffs - Appellants,

     v.

GEOLOGIC SOLUTIONS, INC.; XRS CORPORATION, d/b/a Xata Corporation,

          Defendants - Appellees,

     and

DOMTAR CORPORATION; DOMTAR INDUSTRIES, INC.; DOMTAR PAPER COMPANY, LLC; DOMTAR, INC.; PEOPLEASE CORPORATION; CORETRANS, LLC; N&W HOLDINGS, LLC; CH ROBINSON WORLDWIDE, INC.; CH ROBINSON COMPANY,

          Defendants.

_____

**No. 12-1465**

_____

JOSHUA BAILEY, individually and as co-executor of the Estate of Haiden William Bailey; AMANDA BAILEY, individually and as co-executrix of the Estate of Haiden William Bailey,

          Plaintiffs - Appellants,

     v.

GEOLOGIC SOLUTIONS, INC.; XRS CORPORATION, d/b/a Xata Corporation,

Defendants - Appellees,

and

CARROLL JETT, Estate of; CORETRANS, LLC; MARLBORO WAREHOUSE COMPANY; MARLBORO MILL; DOMTAR PAPER COMPANY, LLC; DOMTAR INDUSTRIES, INC.; DOMTAR, INC.; DOMTAR CORPORATION; PEOPLEASE CORPORATION; N&W HOLDINGS, LLC; C.H. ROBINSON WORLDWIDE, INC.; C.H. ROBINSON COMPANY,

Defendants.

---

Appeals from the United States District Court for the Western District of North Carolina, at Asheville. Martin K. Reidinger, District Judge. (1:09-cv-00449-MR-DLH; 1:10-cv-00144-MR-DLH)

---

Submitted: November 30, 2012     Decided: January 2, 2013

---

Before GREGORY, SHEDD, and DAVIS, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Steve R. Warren, LONG, PARKER, WARREN, ANDERSON & PAYNE, P.A., Asheville, North Carolina; James E. Ferguson, II, Lareena Jones-Phillips, FERGUSON, STEIN, CHAMBERS, GRESHAM & SUMTER, PA, Charlotte, North Carolina; Eugene Ellison, EUGENE ELLISON LAW OFFICE, Asheville, North Carolina, for Appellants. Brady J. Fulton, NORTHUP, MCCONNELL & SIZEMORE, Asheville, North Carolina, for Appellees.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In these consolidated appeals, Appellants appeal the district court's orders accepting the recommendations of the magistrate judge, granting the motions to dismiss filed by Xata Corporation ("Xata"), and dismissing their product liability claims. We affirm.

Appellants' product liability claims arose from a motor vehicle accident on Interstate 40 in North Carolina. Carroll Jett drove a fully loaded tractor-trailer into vehicles that were slowed or stopped in front of him, causing injuries to the Durkees and resulting in the death of the Baileys' child. Appellants alleged that Jett became distracted by the presence of a texting system located in the cab of his truck. The texting system had been manufactured by a subsidiary of Xata.

Appellants contended that Xata owed them a legal duty of care because injuries to the traveling public were reasonably foreseeable based on the texting system's design that (1) required the driver to divert his eyes from the road to view an incoming text from the dispatcher, and (2) permitted the receipt of texts while the vehicle was moving. The district court granted Xata's motions to dismiss,[1] concluding that the accident

---

[1] The Durkees and the Baileys mediated their claims with the remaining defendants and ultimately filed a stipulation of (Continued)

was caused by the driver's inattention, not the texting device itself, and that manufacturers are not required to design a product incapable of distracting a driver.[2]

On appeal, Appellants challenge the district court's conclusion that Xata owed them no duty of care. Our de novo review of the record leads us to conclude that the district court properly dismissed Appellants' claims. See Robinson v. Am. Honda Motor Co., 551 F.3d 218, 222 (4th Cir. 2009) (discussing standard of review); see also N.C. Gen. Stat. § 99B-6(a) (2011) (providing elements to prove inadequate product design); Smith v. Wyeth-Ayerst Labs. Co., 278 F. Supp. 2d 684, 706 (W.D.N.C. 2003) (providing elements of product liability action based upon negligence); Kientz v. Carlton, 96 S.E.2d 14, 18 (N.C. 1957) (holding that duty owed by product manufacturer "does not require him to guard against hazards apparent to the casual observer or to protect against injuries resulting from

---

dismissal, that preserved their right to appeal the dismissal of Xata.

[2] Appellants complain on appeal that the magistrate judge mischaracterized Jett's conduct as "misuse" of the texting system. However, it is apparent from the magistrate judge's recommendations and the district court's opinions that the term "misuse" was intended to indicate improper or careless use of the system by the driver, rather than a use that was unintended by the manufacturer.

4

the user's own patently careless and improvident conduct") (internal quotation marks omitted).

Appellants also argue that the district court failed to accept the allegations contained in the complaints as true. We conclude that the district court properly construed the facts in Appellants' favor. The court, however, was not required to accept as correct the complaints' legal conclusions. Robinson, 551 F.3d at 222.

We therefore affirm the judgments of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED